*TERRY A. DAKE, LTD.*
20 E. Thomas Rd.
Suite 2200
Phoenix, Arizona 85012-3133
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | In Chapter 7 Proceedings |
| ) | |
| NATHAN WILLIAM BLOOM; ) | Case No. 2:15-BK-06363-DPC |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| ROBERT A. MACKENZIE, ) | |
| TRUSTEE, ) | **Adversary No. 2:16-AP-412** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATHAN WILLIAM BLOOM, ) | |
| DAVID JENKINS BRIMLEY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### C O M P L A I N T

Robert A. MacKenzie, ("MacKenzie" or "trustee"), as trustee of the bankruptcy estate of Nathan William Bloom, for his Complaint, says as follows:

1. MacKenzie is the duly appointed trustee of the bankruptcy estate of Nathan William Bloom, Bankruptcy Case No. 2:15-BK-06363-DPC.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2). This is a core proceeding.

3. Nathan William Bloom ("Bloom" or "debtor") is the debtor in this bankruptcy case.

4. David Jenkins Brimley ("Brimley") is an individual doing business in Maricopa County, Arizona.

5. This case was filed as a voluntary Chapter 7 proceeding on May 21, 2015. The deadline for objecting to the discharge of Bloom was August 21, 2015. Bloom's discharge was entered on August 28, 2015.

6. On May 11, 2015, ten days prior to the bankruptcy filing, $100,000.00 was deposited into Bloom's bank account at JPMorgan Chase Bank, NA ("Chase").

7. Between May 11, 2015 and May 15, 2015, Bloom made 5 cash withdrawals from his Chase account totaling $80,000.00.

8. On September 16, 2015, after the deadline for objecting to Bloom's discharge, Bloom provided his Chase bank statements to the trustee showing these deposits and withdrawals and represented to the trustee that he paid this money to Brimley for work done by Brimley.

9. Brimley insists that he never received any of this money from Bloom.

10. Since the transaction involves cash, the trustee is unable to determine who is telling the truth and who is not, Brimley or Bloom.

11. If Bloom is lying, then Bloom has obtained his discharge through fraud and Bloom's discharge must be revoked pursuant to 11 U.S.C. §727(d)(1).

12. If Bloom is lying then, to the extent that Bloom has failed to account for this money and/or had possession of any part of the $80,000.00 in cash on the petition date then, pursuant to 11 U.S.C. §727(d)(2), the Court shall revoke Bloom's discharge for his knowing

2

and fraudulent failure to report his acquisition of or entitlement to estate property, and his failure to deliver or surrender such property to the trustee and Bloom is liable to the estate for the $80,000.00.

13. To the extent that Bloom paid the money to Brimley as Bloom alleges, then the transfer of these funds to Brimley is avoidable as a preference pursuant to 11 U.S.C. §547 since the transfer was made to or for the benefit of Brimley, on account of an antecedent debt owed to Brimley by the debtor, while the debtor was insolvent, and enabled Brimley to receive more than he would in a case under Chapter 7 if the transfer had not been made.

14. In the alternative, to the extent that Bloom paid the money to Brimley as Bloom alleges, and to the extent that Brimley was not owed this money by Bloom, then the transfer of these funds to Brimley is avoidable as a fraudulent conveyance pursuant to 11 U.S.C. §548(a)(1)(B) and/or A.R.S. §44-1005 as the transfer was made when the debtor was insolvent and the debtor did not receive reasonably equivalent value for the transfer.

15. In the alternative, to the extent that Bloom paid the money to Brimley as Bloom alleges, and tot he extent that Brimley was not owed this money by Bloom, then the transfer of these funds to Brimley is avoidable as a fraudulent conveyance pursuant to 11 U.S.C. §548(a)(1)(A) and/or A.R.S. §44-1004(A)(1) since the transfer was made with the actual intent to hinder, delay and defraud the creditors of the debtor.

3

**WHEREFORE**, the trustee prays:

A. For the entry of an order revoking Bloom's discharge pursuant to 11 U.S.C. §727(d)(1) and (d)(2) and for the entry of a money judgment against Bloom in the amount of $80,000.00 for the cash which Bloom had and has failed to adequately account for and/or for the amount of cash determined to be in the possession of Bloom as of the petition date.

B. In the alternative, for the entry of a judgment against Brimley in the amount of $80,000.00 pursuant to 11 U.S.C. 11 U.S.C. §547 and/or 11 U.S.C. §548(a)(1)(B) and/or A.R.S. §44-1005 and/or 11 U.S.C. §548(a)(1)(A) and/or A.R.S. §44-1004(A)(1).

C. For an award of the trustee's costs. In the event of default, the trustee will request costs in the amount of $350.00.

DATED August 25, 2016.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
Terry A. Dake – 009656
20 E. Thomas Rd.
Suite 2200
Phoenix, Arizona 85012-3133
Attorney for Trustee

4